UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JESSICA BERK,

                Plaintiff,

        -against-

CITY OF NEW YORK (NEW YORK CITY POLICE DEPARTMENT), POLICE LIEUTENANT "JOE SEIDEL," POLICE SERGEANT "JOSEPHINA" DOHERTY, POLICE OFFICER "5' 8" HISPANIC" TORRES, POLICE OFFICER "6' 2" 300LBS," POLICE OFFICER "TALL HAWAIIAN," POLICE OFFICER JOHN DOE, POLICE OFFICER JAMES DOE, and POLICE OFFICER JANE DOE,

                Defendants

13 Civ. 3917 (LAP)

**SECOND AMENDED COMPLAINT**

**JURY DEMAND**

------------------------------------------------------------------X

      Plaintiff amends the caption to read as follows:

------------------------------------------------------------------X

JESSICA BERK,

                Plaintiff,

CITY OF NEW YORK (NEW YORK CITY POLICE DEPARTMENT), POLICE LIEUTENANT "JOE SEIDEL," POLICE SERGEANT "JOSEPHINA" DOHERTY, POLICE OFFICER OLIVERAS, POLICE OFFICER "6' 2" 300LBS," POLICE OFFICER MAK, POLICE OFFICER JOHN DOE, POLICE OFFICER JAMES DOE, and POLICE OFFICER JANE DOE,

                Defendants

------------------------------------------------------------------X

      Plaintiff, as and for her Second Amended Complaint, alleges as follows:

## INTRODUCTION

1.      This is a lawsuit against the New York City Police Department ("NYPD") for unlawful imprisonment of plaintiff on three occasions, and illegal search and seizure of plaintiff's apartment by the NYPD.

## JURISDICTION

2.      This Court has jurisdiction under 28 USC § 1331 and 42 USC § 1983.  Plaintiff alleges violations of her rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.  This Court's pendent jurisdiction is also invoked.

## PARTIES

3.      Plaintiff is a U.S. citizen who resides at 95 Christopher Street, New York, NY.

4.      The City of New York is a municipal corporation under New York State Law. The NYPD is part of the Government of the City of New York. New York City is sued only in its respondeat superior position as the employer of the individual police officer defendants, each of whom committed their wrongful acts in the regular course of their employment with the City of New York.

5.      Police Lieutenant "Joe Seidel," Police Sergeant "Josephina" Doherty, Police Officer Oliveras, Police Officer "6' 2" 300lbs," Police Officer Mak," and Police Officers John Doe, James Doe, and Jane Doe are all NYPD officers, employed at all relevant times at NYPD's Sixth Precinct, at 233 W 10th Street, New York, New York.  At all relevant times, each was acting under color of state law but in abuse of his or her authority.

## AS AND FOR FIRST, SECOND and THIRD CLAIMS

6.      Plaintiff has been a community activist in the West Village part of Greenwich Village for over 20 years. Plaintiff has engaged in efforts to address crime in the community, creating a group called Residents In Distress, and has been critical of the NYPD for their performance in addressing crime. In the course of that criticism, plaintiff has made complaints against 6th Precinct Officers with the Internal Affairs Bureau, and has encountered animosity on the part of officers in the Sixth Precinct, which is two blocks from her home.

7.      On or about 11:00 a.m. on November 15, 2011, plaintiff was walking by the Sixth Precinct when an officer, defendant Oliveras invited her inside to identify someone. As she entered she was handcuffed, and defendant Police Lieutenant "Joe Seidel" ("Seidel") laughed. Plaintiff was placed in a cell with other prisoners, where she was kept for twelve hours. She was fingerprinted four times, spat on by other prisoners, and was shackled to a bench (causing her leg to bleed), had her body cavities searched, and was denied water and the right to make a phone. While in the cell, defendant Police Officer "6' 2" 300lbs" ("6' 2" 300lbs") insulted her.

8.      At around 11:15 p.m. plaintiff was allowed a phone call. She called an undercover narcotics officer whom she had assisted, and about an hour later was released. As she left, defendant Police Officer Mak stated, "Never come in again. Just be thankful that you are not dead."

9.      By their aforedescribed actions, defendants Seidel, Oliveras, 6' 2" 300lbs, and Mak violated plaintiff's rights to due process of law under the Fourteenth Amendment to the U.S. Constitution, and falsely imprisoned plaintiff, intentionally inflicted emotional distress by their outrageous actions and did so knowingly and in reckless disregard of her rights.

## AS AND FOR FOURTH, FIFTH, AND SIXTH CLAIMS

10. In or about March, 2012, plaintiff was hurt in an elevator accident in her building.

11. After 911 was called, defendant 6' 2" 300lbs responded. When EMS arrived, he told them that plaintiff was "faking."

12. Defendant 6' 2" 300lbs followed EMS to Bellevue Hospital. When plaintiff left the ambulance, 6' 2" 300lbs shoved her wheelchair into the street. He caused her to be handcuffed and insisted that she be admitted as an "emotionally disturbed person."

13. Although initially plaintiff was involuntarily directed, at the officer's direction, to the Psychiatric Ward, she was moved to the coronary care unit when her doctor arrived. While in the Psychiatric Ward plaintiff suffered from heart arythmia.

14. By his aforedescribed actions, defendant 6' 2" 300lbs caused plaintiff to be deprived of her liberty, without due process, in violation of the Fourteenth Amendment to the U.S. Constitution, falsely imprisoned plaintiff, and intentionally inflicted emotional distress with outrageous actions, all in reckless disregard of plaintiff's rights.

## AS AND FOR A SEVENTH CLAIM

15. In around June 2013, plaintiff was at home when defendant Oliveras came to her door in the company of a man and woman from Adult Protective Services ("APS") asking to see plaintiff's elderly mother. Defendant Torres announced "we have a court order"

16. When plaintiff would not allow them in without first seeing the document, Oliveras refused to show it and pushed into the apartment. While the APS person looked for plaintiff's mother, Oliveras overturned furniture, looked in drawers, and then restrained plaintiff for a half-hour while the APS person interviewed plaintiff's mother.

17. By his actions, defendant Oliveras violated plaintiff's liberty interests by restraining her and damaging her property without due process of law, and by engaging in an unlawful search without a lawful warrant, all in violation of plaintiff's rights under the Fourteenth Amendment to the U.S. Constitution.

## DAMAGES

18. As a proximate result of the aforedescribed actions by the defendants, plaintiff has suffered severe emotional distress, resulting in nightmares, sleeplessness, exacerbated asthma, heart palpatations, dizziness headaches, and fear of leaving home.

19. The individual police defendants have targeted plaintiff and have acted maliciously, entitling plaintiff to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays:

1. That this Court appoint counsel to represent plaintiff in prosecuting this complaint.

2. That this Court enjoin defendants and the NYPD from targeting and harassing plaintiff.

3. That this Court enter judgment against defendants, jointly and severally, for $1 million in compensatory damages.

4. That this Court enter judgment against defendants for punitive damages in the amount of $1 million.

5. That this Court grant whatever additional relief is just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
       January 30, 2015

*Jessica Berk*
Jessica Berk
Plaintiff *Pro Se*
95 Christopher Street #15H
New York, New York  10014
(646) 730-4518

Jessica Berk
95 Christopher Street #15H
New York, New York 10014
(646) 7664-5856

Pro Se Office
US District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Berk vs. City of New York
    13 Civ 3917 (LAK)(JCF)

Dear Sirs/Madames:

I have enclosed my Second Amended Complaint, amended as prejudge Francis' October 27, 2014 Order.

I request that the late filing be excused since there appears to have been some miscommunication and misunderstanding on my part. I am copying this letter to Judge Francis and to Asst. Corporation Counsel Cooper.

I request that a summons finally be issued.

Respectfully submitted,

Jessica Berk

cc. David Cooper, Asst. Corp Counsel – by fax 212-356-3509



Jessica Beuk
95 Christopher St
NY, NY 10014

Pro Se Office
SDNY

USMS
SDNY

RECEIVED
SDNY PRO SE OFFICE
2015 FEB -2 A 11: 56